**UNITED STATES of America,
Plaintiff,**

v.

**Jimmy Lee JOHNSON, Defendant.**

**No. CR. 02–223(RJL).**

United States District Court,
District of Columbia.

Jan. 24, 2003.

## MEMORANDUM OPINION

LEON, District Judge.

Defendant Jimmy Lee Johnson ("Johnson," or "defendant") moves to compel disclosure of the identity of a police confidential informant. The information that the informant provided to police was, in large part, the grounds for issuing a search warrant for a residence at 61 K Street, N.W. During the search of that residence on January 11, 2002, police officers recovered weapons that are the basis of the two charges pending against the defendant in the instant action: Unlawful Possession of a Firearm (a 40 caliber Ruger pistol) by an Individual Who Has Been Convicted of a Felony in violation of 18 U.S.C. § 922(g), and Unlawful Possession of a Semi–Automatic Assault Weapon, a Colt AR–15 Assault Rifle, in violation of 18 U.S.C. § 922(v).

In the week before the search warrant was executed, the confidential informant met with two black males, believed to be cousins, inside the residence at 61 K Street. The informant described the first individual as 5'8" and 150 pounds, and the second individual as tall, with corn rows, and a stocky build. The informant told the police narcotics investigator who provided the affidavit in support of the search warrant for 61 K Street, that the two individuals displayed a black assault-type rifle with a brown handle while they were in an upstairs bedroom of 61 K Street.[1] The informant reported that the bedroom belonged to one of the two individuals, who resided at 61 K Street, and that he or she knew that the individuals stored the gun in that bedroom.

Defendant argues that neither physical description provided by the informant matches his appearance. As a result, the defendant believes that the informant may have exculpatory information, in that he or she is the only person who may be able to identify the individuals who actually possessed the guns. Access to the informant, according to the defendant, is therefore "clearly essential" to the presentation of his defense, even though the defendant concedes that Criminal Rule 16 does not mandate disclosure of an informant's identity.

■■■ The Supreme Court has declined to adopt an absolute rule requiring disclosure of an informant's identity whenever it is relevant or helpful to the defendant's case. See Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Indeed, as this Circuit stated in United States v. Skeens, 449 F.2d 1066, 1071 (D.C.Cir.1971), "Roviaro does not require disclosure of an informant who was not an actual participant in or witness to the crime charged." Furthermore, a "heavy burden ... rests on an accused to establish that the identity of an informant is necessary to his defense." Skeens at 1070. "Mere speculation" that an informant's testimony may assist the defendant is not sufficient to meet this burden. United States v. Mangum, 100 F.3d 164, 172 (D.C.Cir.1996). In determining whether the defendant has met this burden, this Court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense," all the while "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62, 77 S.Ct. 623.

1. The assault rifle recovered in the search on January 11, 2002—a Colt AR–15—differs slightly from the description the informant provided, in that the handle of the assault rifle found by the police was entirely black.

After considering the totality of the circumstances, the Court does not agree that disclosure of the informant's identity is clearly essential to Johnson's defense. The defendant relies chiefly on *Roviaro v. United States* in arguing that the informant's identity must be disclosed. However, that case is not apposite here. In *Roviaro*, the informant was the defendant's "one material witness" as the informant and the defendant "were alone and unobserved during the crucial occurrence for which he was indicted." *Id.* at 64, 77 S.Ct. 623. Further, in *Roviaro*, the informant had taken part in the crime and, in fact, "had helped to set up the criminal occurrence and played a prominent part in it." *Id.* Not so here. The two counts on which Johnson was indicted in this case were for possession of particular weapons on January 11, 2002 not for possession of the particular weapon that the informant saw him holding during the week before the search. Simply put, the offenses for which the defendant was charged arose from the recovery of weapons during a search on a specific date. In addition, there is no evidence, or even allegation, that the informant either shared in, or facilitated, the defendant's possession of the weapons, thereby making him a possible participant in the crime. As the informant's description of the assault rifle differs from the assault rifle that was ultimately recovered and the informant was not a witness or participant to the offenses charged, the Court cannot conclude that the situation now before it is sufficiently analogous to *Roviaro*, so that disclosure of the informant's identity is required.

Moreover, the informant's role here is confined to providing information that served as a basis of a search warrant, as was the case in *United States v. Warren*, 42 F.3d 647 (D.C.Cir.1994). In *Warren*, an informant provided information that was the basis of a search warrant after the informant, using police dollars, had engaged in a "controlled buy" of crack cocaine during the week before the warrant was issued. A search was executed of the location of the controlled buy, as a result of which the defendant, Wilbert Warren, was charged with a crime of possession on the date the search occurred.[2] As in *Warren*, the informant in this case was not present when the search warrant was executed. The defendant in *Warren* argued, as Johnson argues here, that "only the informant could testify whether someone other than [the defendant]" had, in fact, committed the crime for which he was charged thereby making disclosure of the informant's identity essential to the defendant's case. *Id.* at 654. Although it recognized that the informant's testimony might be helpful to the defense, the Circuit Court rejected that argument because "the informant was not a witness to the charged offenses"—possession *on the date of the search*—but merely a witness to possession at a point in time preceding the date of the offense. *Id.*

For the same reason, the Court holds that Johnson's perceived need to learn the informant's identity does not outweigh the government's interest in preserving this informant's confidentiality. In the affidavit that served as the basis for issuing the search warrant Officer Joseph Abdalla of the Metropolitan Police Department, a narcotics investigator, stated that the informant had been providing information to law enforcement for at least one year. Officer Abdalla also stated that the infor-

---

**2.** In *Warren*, the defendant was charged with possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B)(iii), as well as various other crimes.

mant had "never provided information that proved to be false in the course of cooperation." *See* Ex. 1, Government's Motion in Opp'n to Def.'s Mot. to Compel Disclosure of Identity of Confidential Informant. The government's interest in preserving the confidentiality of an informant who has always provided reliable information is not outweighed by Johnson's speculation that the informant would testify that he was not one of the two individuals whom the informant witnessed holding an assault rifle. This is especially true when, you consider that notwithstanding the defendant's argument to the contrary, the defendant's physique could be reasonably described as consistent with one of the two descriptions provided by the confidential informant to the police.

For the reasons set forth above, the Court DENIES defendant's motion to compel disclosure of the identity of the confidential informant.

SO ORDERED.